IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WISDOM, | ) | CASE NO. 1:10 CV 55 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Jason Wisdom, for supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge (ALJ), whose decision became the final decision of the Commissioner, found that Wisdom had severe impairments consisting of schizophrenia, depressive disorder, post traumatic stress disorder, and adult antisocial personality disorder.[1] The ALJ made the following finding regarding Wisdom's residual functional capacity (RFC):

> Mr. Wisdom retains the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is limited to tasks that are simple, routine, and low-stress and that involve no interaction with the public and no more than superficial interaction with supervisors and co-workers.  He is precluded from tasks that involve

---

[1] Transcript ("Tr.") at 14.

arbitration, negotiation, confrontation, directing the work of others, and being responsible for the safety of others.[2]

The ALJ determined that Wisdom had no past relevant work.[3]

Using the medical-vocational grids in Appendix 2 as a guide, and based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Wisdom could perform.[4] The ALJ, therefore, found Wisdom not under a disability.[5]

Wisdom asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Wisdom argues that the ALJ should have found physical impairments of diabetes mellitus and sleep apnea severe at step two of the sequential evaluation process and that the RFC finding at step four lacks the support of substantial evidence because the ALJ improperly evaluated the opinions of Wisdom's treating physicians.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[2] *Id.* at 18.

[3] *Id.* at 22.

[4] *Id.*

[5] *Id.* at 23.

## Analysis

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[7] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.      The ALJ's RFC finding has the support of substantial evidence.**

This case comes down to whether the RFC finding has the support of substantial evidence. Wisdom argues that it does not because the ALJ included no exertional limitations related to his diabetic neuropathy, which inhibited his ability to manipulate with his right, dominant hand and to stand for extended periods of time.[9] Further, Wisdom posits that the RFC finding does not include substantial enough mental limitations.

These arguments turn on the opinions of two treating sources, Dr. Camelia Raiu,[10] an internist, and Dr. Rakesh Ranjan, a psychiatrist.[11]  Both gave RFC opinions imposing exertional (Raiu) and mental (Ranjan) limitations greater than those incorporated into the ALJ's RFC finding. The ALJ did articulate with respect to the opinions of both sources, according each less weight.[12]

---

[9] Under the law of the Sixth Circuit as stated in *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987), the failure to recognize an impairment at step two does not constitute reversible error if the ALJ properly identifies all appropriate work-related limitations in the RFC finding. Here, in discussing severe impairments, the ALJ extensively analyzed the opinions of Camelia Raiu, M.D. and Michael Ganz, M.D., the treating physicians that evaluated Wisdom's exertional limitations at issue. Tr. at 15-16. He assigned those opinions weight ("less weight") and gave reasons for the weight assigned. *Id.* Having done this, there is no reversible error at step two. The issue becomes whether the ALJ should have included greater limitations in the RFC finding at step four.

[10] Tr. at 385, 641-42, 792.

[11] *Id.* at 248-49, 499-500, 638-39.

[12] *Id.* at 16 (Raiu) and 20 (Rangan).

With respect to both, the ALJ reasoned that the limitations imposed are not supported by the treatment notes and other medical evidence of record.[13] Wisdom argues that with respect to Dr. Raiu, the ALJ misread the opinion. Dr. Raiu limited lifting with the right hand because of numbness and tingling; his opinion of the ability of the left hand was consistent with light work.[14]

The Commissioner responds that Dr. Raiu is an outlier and that no other sources limited Wisdom's exertional capabilities. He cites to clinical findings[15] and evidence of activities contrary to Dr. Raiu's opinion.[16] Here, certainly, the record contains evidence cutting both ways. Under the substantial evidence standard of review, however, the ALJ's decision as to exertional limitations has sufficient support.

As for Dr. Rangan, the Commissioner relies on the record references cited by the ALJ on page 20 of the opinion as substantial evidence supporting the finding that the mental limitations imposed have the support of substantial evidence. The RFC finding incorporating substantial mental limitations, and the ALJ's analysis of Dr. Rangan's opinions, are

---

[13] *Id.*

[14] *Id.* at 641-42. Counsel for Wisdom conceded at oral argument that the record does not support additional limitations caused by sleep apnea.

[15] *Id.* at 14, 350-80, 411-47, 574-75.

[16] *Id.* at 15-16, 117-32, 309-13, 641-42, 735-36.

supported by the evaluation of the consulting examining psychologist, Dr. David House,[17] and the evaluation of the state agency psychologist, Dr. Guy Melvin.[18]

The ALJ extensively discussed Dr. Rangan's opinions, assigned them "less weight,[19] and gave reasons for the weight assigned." The ALJ, therefore, met the requirements of the treating source rule as set out by the applicable regulations and the law of the Sixth Circuit as set out in *Wilson v. Commissioner of Social Security*[20] and its progeny. The question is whether the reasons given have the support of substantial evidence. Given that the ALJ did include significant mental limitations in the RFC finding and the opinions of Drs. House and Melvin, which support the ALJ's finding, I must conclude that substantial evidence does exist.

As the Sixth Circuit observed in *Buxton v. Halter*, there exists a "zone of choice" within which the Commissioner can act without interference from the reviewing court.[21] The concept of a "zone" implies that evidence having varying cumulative weight may suffice to provide substantial evidence supporting the Commissioner's decision. On one end of the

---

[17] *Id.* at 305-10.

[18] *Id.* at 553-71. Dr. Deborah Gould, a psychiatrist, it appears, did a one-time evaluation of Wisdom, Tr. at 911-12, and the record contains no notes or other records from her. She is at best an examining source, and the ALJ thoroughly analyzed her opinion and properly assigned less weight. *Id.* at 20.

[19] *Id.* at 19-20.

[20] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[21] *Buxton*, 246 F.3d at 772.

zone, the objective medical evidence may be such as to convince the reviewing court that, even under a *de novo* standard, the Commissioner decided the case correctly. But, on the other end of the zone, the evidence may be less compelling. Such evidence may cause a reviewing court to question whether it would have decided the case in the same way under a *de novo* standard. Nevertheless, if the court concludes that a reasonable mind might accept that evidence as adequate to support the Commissioner's conclusion, it must affirm the Commissioner.

Here, the record does contain evidence that Wisdom had limitations greater than those found by the ALJ. The record also contains, however, evidence supporting the ALJ's RFC finding. The Commissioner's decision, therefore, falls within the zone of choice in which this Court must affirm.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Wisdom had no disability. Accordingly, the decision of the Commissioner denying Wisdom supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: November 22, 2011                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge